UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHERYL CASON,

      Plaintiff,

    v.

FEDERATED LIFE INSURANCE COMPANY,

      Defendant.
_____/

No. C-10-0792 EMC

**ORDER RE JOINT LETTER OF APRIL 27, 2011**

**(Docket No. 74)**

      The parties have filed a joint letter, dated April 27, 2011, regarding a dispute over privilege. Plaintiff seeks the production of documents that Defendant claims are protected by the attorney-client and/or work product privilege. Plaintiff also seeks to take the deposition of Dan Costa, an attorney who is Defendant's litigation counsel of record and who also played a pre-litigation role for Defendant. The Court held a hearing on the discovery dispute on May 4, 2011. Having considered the joint letter, the accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Plaintiff's motion to compel production of the documents and the deposition of Mr. Costa.

## I. DISCUSSION

      The instant case is a disability insurance bad faith action. Because the claim is predicated on state law, state law on privilege is applicable. *See* Fed. R. Evid. 501 ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof

1 shall be determined in accordance with State law."); *In re California Public Utilities Comm'n*, 892
2 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state
3 law."). Under California law,

> [t]he party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, *i.e.*, a communication made in the course of an attorney-client relationship. Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply.

*Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 733 (2009).

At issue in the instant case is (1) whether communications involving Mr. Costa should be produced and (2) whether Mr. Costa should be deposed. Plaintiff contends that neither the attorney-client nor work product privilege is applicable because Mr. Costa did not provide any legal advice to Defendant but rather simply performed the duties of a claims adjuster. In support of this position, Plaintiff relies heavily on *2,022 Ranch v. Superior Court*, 113 Cal. App. 4th 1377 (2003); however, *2,022 Ranch* was severely undercut by the California Supreme Court's 2009 *Costco* decision:

> At issue [in *2,022 Ranch*] were communications transmitted to the insurer from its in-house claims adjusters who also were attorneys. The insurer claimed all the communications were privileged, as involving legal advice emanating from its attorneys, whereas the petitioner asserted none were, as the attorneys were serving merely as claims adjusters. The Court of Appeal distinguished communications reporting the results of factual investigations from those reflecting the rendering of legal advice, held only the latter were privileged, and ordered the trial court to review each of the communications to determine its dominant purpose. In this respect, the court erred. The proper procedure would have been for the trial court first to determine the dominant purpose of *the relationship* between the insurance company and its in-house attorneys, *i.e.*, was it one of attorney-client or one of claims adjuster-insurance corporation . . . . If the trial court determined the communications were made during the course of an attorney-client relationship, the communications, including any reports of factual material, would be privileged, even though the factual material might be discoverable by some other means. If the trial court instead concluded that the dominant purpose of the relationship was not that of attorney and client, the communications would not be subject to the attorney-client privilege and therefore would be generally discoverable.

*Costco*, 47 Cal. 4th at 739-40 (emphasis in original). Thus, under *Costco*, it is not the dominant purpose of a communication that dictates whether the attorney-client privilege is applicable; rather, the issue is what was *the dominant purpose of the relationship*.

In the instant case, the Court was presented with limited evidence on this specific issue. That evidence included a declaration from Mr. Costa himself and a declaration from Thomas Bendorf, a claims adjuster for Defendant. Those declarations clearly and affirmatively state Mr. Costa was retained for an attorney-client relationship. However, because these declarations were somewhat conclusory, and because Plaintiff had not been given an opportunity to test the declarations- they were not submitted until after Mr. Bendorf had already been deposed – the Court stated at the hearing that it would seriously consider whether Plaintiff should be given a chance to redepose Mr. Bendorf to explore the issue of what was the dominant purpose of the relationship between Mr. Costa and Defendant prior to the litigation. Plaintiff, however, declined this offer at the hearing, opting instead to rest on the written record. Defendant also opposed this approach and – although not necessarily obligated to do so – provided the Court with documents to review *in camera* in support of its position that the relationship was one of attorney-client.[1] Plaintiff did not object to the submission of the documents for *in camera* review, and accordingly the Court considers these documents as part of its analysis.

Taking into account, *inter alia*, the documents submitted for *in camera* review and the declarations of Mr. Costa and Mr. Bendorf as well as the record submitted by the parties, the Court finds that Defendant has established facts necessary to support a *prima facie* claim of privilege. *Cf. Umpqua Bank v. First Am. Title Ins. Co.*, No. CIV S-09-3208 WBS EFB, 2011 U.S. Dist. LEXIS 34088, at *10-11 (E.D. Cal. Mar. 17, 2011) (concluding that dominant purpose of relationship was one of attorney-client based on, *e.g.*, declaration from party's in-house claims counsel and claims adjuster). The *in camera* documents, for example, demonstrate that, when Defendant hired Mr. Costa in June 2009, it did so to obtain his legal opinion. *See* BATES 1164. They also demonstrate that the relationship continued so that Mr. Costa could give Defendant legal advice as to how to

---

[1] The documents were unredacted copies of documents over which Defendant asserted a privilege.

1  comply with California insurance law. *See* BATES 844; BATES 1529. To be sure, Plaintiff points
2  to instances where Mr. Costa also performed what were arguably nonlegal tasks, such as
3  recommending medical providers, serving as the contact point for examiners, and providing
4  documents for their review. But these few instances in the current record do not establish that the
5  *dominant* purpose of the relationship with Defendant was one of attorney-client. Plaintiff failed to
6  elicit any deposition testimony from Mr. Bendorf regarding the primary function and tasks Mr.
7  Costa was asked to perform. Plaintiff opted not to seek a further deposition from Mr. Bendorf on
8  this topic.
9  Because Defendant has established a *prima facie* case of privilege, the burden shifts to
10 Plaintiff to establish that the privilege is not applicable. Plaintiff has not met this burden – indeed,
11 has declined the opportunity to develop evidence that might support her contention that the privilege
12 is not applicable. Accordingly, based on the record before the Court, the Court denies Plaintiff the
13 relief she seeks.[2]

## II. CONCLUSION

Plaintiff's motion to compel the production of documents and the deposition of Mr. Costa are denied.

This order disposes of Docket No. 74.

IT IS SO ORDERED.

Dated: May 11, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[2] The Court acknowledges Plaintiff's argument that any privilege should be deemed waived because the privilege logs provided by Defendant did not describe the documents with sufficient specificity. While the Court does find Defendant's descriptions problematic (*see* Fed. R. Civ. P. 26(b)(5)(A) (providing that a description must "enable other parties to assess the claim" of privilege)), Plaintiff has failed to establish that she was prejudiced in her ability to establish the dominant purpose of the relationship. The Court finds no waiver.