UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHERYL CASON,

        Plaintiff,

    v.

FEDERATED LIFE INSURANCE COMPANY,

        Defendant.
_____/

No. C-10-0792 EMC

**ORDER RE OSC HEARING RE CIVIL CONTEMPT**

**(Docket No. 50)**

Plaintiff Cheryl Cason has filed suit against Defendant Federated Life Insurance Co. ("Federated"), asserting, in essence, a claim for disability insurance bad faith. As a part of discovery, Federated issued a subpoena to a third party, Optimum Health Institute ("OHI"). OHI objected to the subpoena, claiming various privileges. In an order issued on May 20, 2011, the Court rejected the claims of privilege and ordered OHI to produce documents. *See* Docket No. 83 (order). OHI did not fully comply, withholding documents marked OHI 20-41. Pursuant to the joint request of Federated and OHI, the Court set an expedited OSC hearing regarding contempt to address OHI's failure to comply. In its papers, OHI conceded its due process rights were satisfied and waived an evidentiary hearing. The Court heard the matter on June 8, 2011. The Court turns to the merits of the contempt proceeding.

To the extent OHI has, in essence, asked the Court to reconsider its prior order, the request is denied. OHI has made no attempt to show that reconsideration is appropriate under the standards laid out in Civil Local Rule 7-9. *See* Civ. L.R. 7-9(b) (providing that a party seeking leave to file a

1  motion to reconsider must show, *e.g.*, "[t]he emergence of new material facts or a change of law
2  occurring after the time of such order"). Moreover, the Court has reviewed the substantive
3  arguments presented by OHI in its papers, *see* Docket No. 88 (OHI's response), and sees no reason
4  to change its prior ruling. For example, even if OHI did not voluntarily produce a missionary
5  application, the document still is not privileged for the other reasons discussed in the Court's May
6  20 order. Also, even if Ms. Cason was not an OHI employee and did not seek medical treatment at
7  OHI, that does not mean that her level of activity as a missionary is irrelevant.

8  The only issue remaining is whether OHI should be held in contempt for failure to comply
9  with the Court's order of May 20. The Court's May 20 order, with which OHI refused to comply,
10 was issued as a result of the subpoena process. Accordingly, the Court shall apply the standards of
11 Federal Rule of Civil Procedure 45. *Cf.* 9-45 Moore's Fed. Prac. – Civ. § 45.62[3] (noting that some
12 courts "have refused to award contempt sanctions unless the party serving the subpoena has obtained
13 an order enforcing the subpoena and the recipient still has not complied"). Under Rule 45(e), a
14 "court may hold in contempt a person who, having been served, fails without adequate cause to obey
15 the subpoena." Fed. R. Civ. P. 45(e). Here, OHI has not provided any excuse for not complying
16 with the subpoena other than to say that it stands by its position that the documents at issue are
17 privileged. A simple disagreement with the Court does not constitute an adequate excuse justifying
18 a failure to comply. Accordingly, the Court finds that OHI is in civil contempt for failure to comply
19 with the May 20 order.

20 Upon a finding of civil contempt, the Court may impose sanctions. *See General Signal*
21 *Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). "Sanctions for civil contempt may be
22 imposed to coerce obedience to a court order,[] or to compensate the party pursuing the contempt
23 action for injuries resulting from the contemptuous behavior,[] or both." *Id.* As a general matter, a
24 "district court 'should apply the least coercive sanction (*e.g.*, a monetary penalty) reasonably
25 calculated to win compliance with its orders.'" *United States v. Alfredofllores*, 628 F.2d 521, 527
26 (9th Cir. 1980).

27 In the instant case, the Court concludes that sanctions in the form of a monetary penalty are
28 appropriate for the purpose of compensating Federated for the expenses incurred in seeking the

discovery from OHI. Federated's counsel has submitted two declarations in support of Federated's request for fees and costs in the amount of $4,665.50. *See* Docket Nos. 95, 98 (Costa declarations). The declarations indicate that Federated incurred costs in the amount of $134 and fees in the amount of $4,531.50. Since the hourly rate of counsel is $145, *see* Docket No. 98 (Costa Decl. ¶ 2), it appears that counsel spent more than 30 hours on this discovery matter. While the Court acknowledges that this discovery matter did require, *e.g.*, meeting and conferring and supplemental briefing, it still concludes that the more than 30 hours spent by counsel was not reasonable. That is, the hours billed were excessive given the nature of the work. Having reviewed the matters for which counsel billed, the Court finds that a reasonable sanction is $4,000, representing the reasonable fees and costs incurred by Federated in connection with its effort to enforce the subpoena.

OHI seeks a stay of the enforcement of the sanction pending its attempt to seek an expedited appeal. In order to allow OHI to do so without first incurring a financial penalty, the Court grants a stay of the sanction pending appeal.

IT IS SO ORDERED.

Dated: June 20, 2011

_____
EDWARD M. CHEN
United States District Judge